# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAN DANIEL LEONARD,

              Plaintiff,

v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

              Defendant.

Case No. 23-CV-1573-JPS

**ORDER**

Plaintiff Jan Daniel Leonard ("Plaintiff") brings this action challenging the denial of his application for naturalization and ongoing "violation[s] of existing protocol regarding dispute resolution." ECF No. 1 at 3. This case now comes before the Court on (1) Defendant U.S. Citizenship and Immigration Services's ("USCIS") motion to dismiss Plaintiff's complaint, ECF No. 9; (2) Plaintiff's motion to record perjury by USCIS Field Office Director John Pruhs ("Pruhs"), ECF No. 14, who submitted a declaration in support of USCIS's motion to dismiss, ECF No. 11; and (3) Plaintiff's motion for an order denying USCIS's motion to dismiss, ECF No. 15. The motions are fully briefed. ECF Nos. 10, 14, 15, 17, 19, 20.[1] For the reasons stated below, the Court grants USCIS's motion to dismiss and accordingly denies both Plaintiff's motion to record perjury and motion for an order denying USCIS's motion to dismiss. As a result, this case will be dismissed without prejudice.

---

[1] Plaintiff previously moved the Court to rescind its order granting Defendant an extension of time to respond to the complaint. ECF No. 8. The Court denies that motion as moot.

1.  **APPLICABLE LEGAL STANDARD**

USCIS moves to dismiss Plaintiff's complaint on the basis that Plaintiff has not exhausted his administrative remedies under 8 U.S.C. § 1421(c).[2] ECF No. 10 at 5–7. To request judicial review under § 1421(c), "an individual must meet three criteria: (1) the individual must have filed a naturalization application; (2) USCIS must have denied the application; and (3) the individual must have requested and had a hearing before USCIS that resulted in a second denial." *Segid v. United States Citizenship & Immigr. Servs.*, 47 F.4th 545, 547 (7th Cir. 2022) (citing 8 U.S.C. § 1421(c)). USCIS contends that Plaintiff has not met the third criterion because he has not had his naturalization denial hearing. ECF No. 10 at 6–7.

USCIS moves for dismissal under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because while "[d]istrict courts within the Seventh Circuit frequently treat a plaintiff's failure to exhaust under . . .

---

[2]Plaintiff's complaint is properly construed as seeking judicial review under § 1421(c).

> The [Immigration and Naturalization Act ("INA")] provides two avenues by which an applicant for naturalization may obtain *de novo* review of his application in federal district court. The first avenue of review, pursuant to Section 310(c) of the INA, codified at 8 U.S.C. § 1421(c), is open to unsuccessful applicants who have been denied naturalization twice—first in initial review under Section 335, and second after a hearing in front of an immigration officer under Section 336(c). The second avenue of review, pursuant to Section 336(b), codified at 8 U.S.C. § 1447(b), is open to those applicants who do not receive a decision on their applications within 120 days after their examinations by the USCIS.

*Zaidi v. Chertoff*, No. 06 C 1133, 2006 WL 3147722, at *2 (N.D. Ill. Nov. 1, 2006). The avenue of review under § 1447(b) applies to applicants who have not received a determination within 120 days of their application. Plaintiff received a timely decision following his application and instead challenges the denial of that decision, thus placing his complaint within the purview of § 1421(c).

§ 1421(c) as a jurisdictional defect[,] . . . the Seventh Circuit . . . recently characterized § 1421(c)'s requirements as 'mandatory administrative requirements or claim-processing rules,' seemingly suggesting they are not jurisdictional." *Id.* at 1 n.1 (citing *Adi v. Mayorkas*, No. 20-CV-01378, 2022 WL 267989, at *7 (N.D. Ill. Jan. 28, 2022); *Fuks v. Divine*, No. 05 C 5666, 2006 WL 1005094, at *5 (N.D. Ill. Apr. 14, 2006); and *Zaidi*, 2006 WL 3147722, at *2–5 and quoting *Segid*, 47 F.4th at 547).

In *Segid*, the Seventh Circuit cited, among others, the Sixth Circuit to support its conclusion that "[t]he[] requirements of § 1421(c) are mandatory administrative requirements or claim-processing rules . . . ." 47 F.4th at 547 (citing *Moya v. U.S. Dep't of Homeland Sec.*, 975 F.3d 120, 126–27 (2d Cir. 2020) and *Shweika v. Dep't of Homeland Sec.*, 723 F.3d 710, 716, 719–20 (6th Cir. 2013)). In turn, in *Shweika*, the Sixth Circuit undertook a thorough review of § 1421(c) and held that "Congress has not clearly stated that [the] administrative-hearing requirement is jurisdictional" and therefore the requirement is a non-jurisdictional claim-processing rule. 723 F.3d at 719. Less than a month ago, the U.S. Supreme Court reaffirmed that it "will 'treat a procedural requirement as jurisdictional only if Congress clearly states that it is.'" *Harrow v. Dep't of Def.*, 144 S. Ct. 1178, 1183 (2024) (quoting *Boechler v. Comm'r*, 596 U.S. 199, 203 (2022)) (internal quotation marks omitted). Based on these authorities, the Court finds that the requirements set forth in § 1421(c) are non-jurisdictional claim-processing rules and will thus analyze USCIS's motion under Rule 12(b)(6). *See, e.g., Kolodiy v. United States*, No. 11-C-239, 2011 WL 3489934, at *3 (E.D. Wis. Aug. 9, 2011) ("Because I am not persuaded that exhaustion is necessarily a jurisdictional matter, I will address the government's motion to dismiss [the plaintiff's]

complaint for failure to exhaust administrative remedies under [Rule] 12(b)(6).").

Rule 12(b)(6) provides for dismissal of complaints which, among other things, fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 566 U.S. at 678).

## 2. AGREED-UPON BACKGROUND FACTS

The parties generally agree on the following facts, as pleaded in Plaintiff's complaint and the attachments thereto. ECF No. 10 at 2–3

(USCIS's moving brief recounting agreed facts from Plaintiff's complaint and attachments).

Plaintiff, a citizen and national of South Africa, entered the United States on a tourist visa on June 3, 2014. ECF No. 1-1 at 2. He was permitted to remain in the United States until December 2, 2014. *Id.* He did not depart the United States by this date. *Id.* On June 9, 2015, his spouse became a lawful permanent resident as the parent of a United States citizen. *Id.* On September 1, 2015, Plaintiff's spouse filled out a Petition for Alien Relative on Plaintiff's behalf, and Plaintiff concurrently filed an Application to Register Permanent Residence or Adjust Status. *Id.* USCIS approved Plaintiff's spouse's petition on January 25, 2016, and it approved Plaintiff's application on January 27, 2016, categorizing Plaintiff "as the spouse of a United States citizen in immigrant classification code IR6." *Id.*

When Plaintiff later applied for naturalization on June 26, 2021, *id.* at 1, USCIS denied his application, *id.* at 2. USCIS reasoned that, at the time that it approved Plaintiff's Application to Register Permanent Residence or Adjust Status, Plaintiff was "not an immediate relative of a United States citizen; [he was] actually the spouse of a lawful permanent resident." *Id.* Thus, the approval had been erroneous. *Id.* Moreover, at the time of the erroneous approval, Plaintiff was "no longer in valid non-immigrant status because [he] had overstayed [his] authorized admission as a tourist." *Id.* "As the spouse of a lawful permanent resident seeking adjustment of status," he needed to "have been in lawful status at the time of filing" his application "in order to meet eligibility requirements." *Id.*[3]

---

[3]Plaintiff disputes USCIS's reasoning, arguing that he originally submitted his application in October 2014, which USCIS disregarded in the denial. ECF No. 16 at 1, 4; ECF No. 16-1 (October 2014 rejection notice instructing Plaintiff to "send

USCIS's written denial of Plaintiff's application for naturalization informed Plaintiff that he may submit a request for a hearing within 30 calendar days of service (or 33 days if the decision was mailed). *Id.* Plaintiff timely submitted his request for a hearing in February 2022. ECF No. 1 at 3; ECF No. 10 at 3 (citing ECF No. 11 at 2). The parties dispute whether the requested hearing has occurred.

3.  **DISPUTED FACTS AND ANALYSIS**

Under Rule 12(b)(6), courts "may take judicial notice of the fact that a plaintiff has failed to exhaust his administrative remedies" without converting the motion to dismiss into a motion for summary judgment. *Bell v. United States*, No. 13-CV-1271, 2014 WL 555311, at *3 (E.D. Wis. Feb. 12, 2014) (citing *Feistel v. U.S. Postal Serv.*, No. 08-CV-75, 2008 WL 2048278 (E.D. Wis. May 12, 2008) and *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003)). A declaration from a United States employee attesting to having conducted a search of the pertinent department's hard files and computer databases, and thereafter certifying that the plaintiff has failed to exhaust his administrative remedies, is an appropriate subject of judicial notice. *Id.*; *Bilgo v. U.S. Postal Serv.*, No. 20-CV-606, 2020 WL 3470252, at *3 & n.1 (E.D. Wis. June 25, 2020) (same); *Kolodiy*, 2011 WL 3489934, at *3 (same).

In this case, USCIS submits a declaration from Pruhs. ECF No. 11. Pruhs avers that he has "access to records maintained by USCIS in the normal course of business," including records related to naturalization proceedings, which are "located in ELIS, an electronic database used to

---

[his] application/petition with a check/money order for today's date"). But even challenges to the application process generally, let alone individualized challenges, "do[] not exempt" a plaintiff from the exhaustion requirement. *Moya*, 975 F.3d at 126 (citing *Bastek v. Fed. Crop Ins. Corp.*, 145 F.3d 90, 94 (2d Cir. 1998)). Thus, the Court sets aside any challenges to the merits at this juncture.

facilitate and track the adjudication of . . . naturalization" requests. *Id.* at 1. Pruhs reviewed both "the ELIS database and the documents contained in the administrative file relating to Plaintiff." *Id.* at 2. These records are reliable, and the facts stated in these records are proper subjects of judicial notice. *See Bell*, 2014 WL 555311, at *3; *Bilgo*, 2020 WL 3470252, at *3 & n.1; *Kolodiy*, 2011 WL 3489934, at *3. While Plaintiff may contest the conclusions derived from the facts stated in these records, the accuracy of what is stated in these records cannot reasonably be questioned. *Bilgo*, 2020 WL 3470252, at *3 (analyzing Plaintiff's challenge to conclusion that he had not exhausted his administrative remedies, as derived from judicially noticed facts in government declaration); *see also* Fed. R. Evid. 201(b)(2). Most important to the instant motion, the Court takes judicial notice of the fact that the records show that Plaintiff's request for a hearing "is still pending to be heard before an immigration officer," and "the ELIS system . . . show[s] the application to still be pending." ECF No. 11 at 2.

In his motion to record perjury by Pruhs, Plaintiff argues that he received a "Notice of Action" to attend a hearing on May 11, 2022. ECF No. 14 at 2. He attaches that notice to his motion. ECF No. 14-1. The notice describes the case "type" as a "Request for Hearing on a Decision in Naturalization Proceedings" and directs Plaintiff to appear for an "appointment" on May 11, 2022. *Id.* Plaintiff contends that he appeared as directed on May 11, 2022, where a "haphazard meeting took place." ECF No. 14 at 2. In a later-filed addendum, Plaintiff explains that this meeting took place with an official in an allegedly abandoned office area. ECF No. 20 at 3. The official "perused" Plaintiff's file and requested Plaintiff's "permanent residence/green card." *Id.* The official then returned Plaintiff's green card, explained that it had the wrong immigration code as already

stated in the denial letter on file (and noted above, *see supra* Section 2), and told Plaintiff that he had nothing to worry about because the coding error was made by USCIS. *Id.* at 3–4. The "hearing" then ended "without any submission whatsoever" by Plaintiff, *id.* at 4, nor any opportunity for Plaintiff to "call witnesses or argue in mitigation," ECF No. 14 at 3.

Plaintiff also submits a series of emails between himself and USCIS officials following the May 11, 2022 meeting. ECF No. 15-1. On July 15, 2023, Plaintiff informed USCIS that "no acknowledgement of th[is] meeting nor any documentation has been forthcoming from USCIS . . . ." ECF No. 15-1 at 1. He also wrote that "[l]egal counsel acting on [his] behalf was informed that [his] file had been lost." *Id.* USCIS responded on August 31, 2023 that Plaintiff's inquiry would be forwarded to the Milwaukee Field Office. *Id.* at 2. The Milwaukee Field Office later responded to Plaintiff, stating that it was "waiting for the results of the required security checks on [his] case before [it could] continue [its] review." *Id.* at 3. The Milwaukee Field Office described the pending checks as "criminal and national security background checks." *Id.* On October 19, 2023, USCIS responded to another inquiry from Plaintiff, explaining that "workload factors" would cause further "delay in completing [his] case." *Id.* at 6.

Despite Plaintiff's contention that the May 11, 2022 meeting *was* his hearing, USCIS maintains that the hearing has not taken place. ECF No. 17. This dispute notwithstanding, the Court concludes that USCIS is correct that Plaintiff has not exhausted his administrative remedies. First, the Court has taken judicial notice of the fact that USCIS records show Plaintiff's application as "pending"—not denied. *See Adi*, 2022 WL 267989, at *5 ("[J]udicial review of that denial is precluded by section 1421(c) unless its status 'is denied' when [the plaintiff] sought judicial review."). Second, and

Page 8 of 11
Case 2:23-cv-01573-JPS   Filed 06/14/24   Page 8 of 11   Document 21

more importantly, even if the May 11, 2022 meeting was Plaintiff's hearing, Plaintiff proffers no evidence that USCIS has issued a second decision following the purported hearing. *See Liu v. U.S. Dep't of Homeland Sec.*, No. 10-CV-2823, 2010 WL 5232938, at *4 (N.D. Ill. Dec. 16, 2010) (holding that the plaintiff had not exhausted her administrative remedies because, although "more than 15 months have elapsed since USCIS held a hearing on the appeal, USCIS has yet to issue a decision"); *Zaidi*, 2006 WL 3147722, at *2 ("[Section] 1421(c) is open to unsuccessful applicants who have been denied naturalization *twice*—first in initial review under Section 335, and second after a hearing in front of an immigration officer under Section 336(c).") (emphasis added). In fact, the emails that Plaintiff attaches to his filings indicate the contrary: that he has not received any decision following the purported hearing. Thus, Plaintiff has not exhausted his administrative remedies, and this action must be dismissed.

The dismissal will operate without prejudice. Although the Court analyzed the motion under Rule 12(b)(6), *see supra* Section 1, and "a dismissal for failure to state a claim is with prejudice, while dismissal for lack of subject-matter jurisdiction is without prejudice to the merits," *Nelsen v. Pierce*, No. 24-1063, 2024 WL 2842205, at *2 (7th Cir. June 5, 2024), it appears that an exception exists for denials under § 1421(c). Specifically, district courts within this Circuit have held that dismissal without prejudice is required in § 1421(c) cases in circumstances such as these. *See Goloshubova v. Napolitano*, No. 11-CV-558, 2012 WL 1532355, at *3 (N.D. Ill. May 1, 2012) (citing *Moya de Leon v. Napolitano*, No. 10 Civ. 6176 (DLC), 2011 WL 1990876 at *2 (S.D.N.Y. May 23, 2011)). The Court follows this approach.

### 4. CONCLUSION

Based on the foregoing analysis, the Court grants USCIS's motion to dismiss Plaintiff's complaint and dismisses this action without prejudice. The Court accordingly denies Plaintiff's motion to record perjury by Pruhs and Plaintiff's motion for an order denying USCIS's motion to dismiss, and it denies as moot Plaintiff's motion for the Court to rescind its order granting USCIS an extension of time to respond to the complaint.

Accordingly,

**IT IS ORDERED** that Defendant U.S. Citizenship and Immigration Services's motion to dismiss, ECF No. 9, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Jan Daniel Leonard's motion to record perjury, ECF No. 14, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Jan Daniel Leonard's motion for an order denying Defendant U.S. Citizenship and Immigration Services's motion to dismiss, ECF No. 15, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Jan Daniel Leonard's motion for the Court to rescind its order granting Defendant U.S. Citizenship and Immigration Services an extension of time to respond to the complaint, ECF No. 8, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2024.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.